# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.  (a) PLAINTIFFS

Billy Gene Goble and Jennifer Goble

ORIGINAL

## DEFENDANTS

Herbalife International, Inc, Herbalife International Communications, Inc, Herbalife International of America, Inc, Herbalife International Distribution, Inc, Herbalife International of Europe, Inc, Herbalife International (Thailand), Inc, Herbalife Taiwan, Inc, Herbalife China, LLC, Herbalife International Do Brasil LTDA, Herbalife of Japan, K K, Herbalite International Urunleri Ticaret Limited Sirketi, Herbalife Korea Co, Ltd, J R Scheiber and Jan Scheiber

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Jim Wells

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    State of California

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Greg W Turman (SB#00785123)
Kathryn Snapka (SB#18781200)
Richard B Waterhouse, Jr.(SB#00788624)
Snapka & Turman, L L P
P O Drawer 20317
Corpus Christi, Texas 78403
361-888-7676, Facsimile  361-884-8545

David E Cherry (SB#04176000)
Craig D Cherry (SB#35012419)
Campbell-Cherry-Harrison-Davis-Dove
P O Drawer 21387
Waco, Texas 76712
254-761-3300, Facsimile  254-761-3301

ATTORNEYS (IF KNOWN)

Michael A. Walsh, State Bar No  00790146
Strasburger & Price, LLP
P O Box 50100
Dallas, Texas 75250
214-651-4300, Fax  214-651-4330

## II.  BASIS OF JURISDICTION    (PLACE AN 'X' IN ONE BOX ONLY)

☐ 1 U S Government Plaintiff

☐ 2 U S Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

xxx☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES    (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | x | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT    (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Law | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patents | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl Ref Inc Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All other Real Property | | ☐ 550 Civil Rights | | | |

## V.  ORIGIN    (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district
☐ 6 Multidistrict litigation
☐ 7 Appeal to District Judge from Magistrate Judgmt

## VI.  CAUSE OF ACTION    (Cite the U S Civil Statute under which you are filing and write a brief statement of cause
Do not cite jurisdictional statutes unless diversity ).

## VII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F R C P  23

**DEMAND $**  +$75,000

CHECK YES only if demanded in complaint

**JURY DEMAND:**   xx☐ YES  ☐ NO

## VIII.  RELATED CASE(S) IF ANY:    (See instructions).

JUDGE _____   DOCKET NUMBER _____

DATE
9/18/03

SIGNATURE OF ATTORNEY OF RECORD
J. Patrick Hanna

RECEIPT # , AMOUNT APPLYING IFP JUDGE MAG JUDGE

JS 44 Reverse (Rev 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed The attorney filing a case should complete the form as follows

I.     **(a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title

    **(b) County of Residence** For each civil case filed, except U S plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing In U S plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing (NOTE In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved )

    (c) Attorneys Enter the firm name, address, telephone number, and attorney of record If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

II.     **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F R C P , which requires that jurisdictions be shown in pleadings Place an "X" in one of the boxes If there is more than one basis of jurisdiction, precedence is given in the order shown below

United States plaintiff (1) Jurisdiction based on 28 U S C 1345 and 1348. Suits by agencies and officers of the United States are included here

United States defendant (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box

Federal question (3) This refers to suits under 28 U S C 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States In cases where the U S is a party, the U S plaintiff or defendant code takes precedence, and box 1 or 2 should be marked

Diversity of citizenship (4) This refers to suits under 28 U S C 1332, where parties are citizens of difference states When Box 4 is checked, the citizenship of the different parties must be checked (See Section III below, federal question actions take precedence over diversity cases )

III.     **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above Mark this section for each principal party

IV.     **Nature of Suit.** Place an "X" in the appropriate box If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit If the cause fits more than one nature of suit, select the most definitive

IV.     **Origin.** Place an "X" in one of the seven boxes

Original Proceedings (1) Cases which originate in the United States district courts

Removed from State Court (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U S C , Section 1441 When the petition for removal is granted, check this box

Remanded from Appellate Court (3) Check this box for cases remanded to the district court for further action Use the date of remand as the filing date

Reinstated or Reopened (4) Check this box for cases reinstated or reopened in the district court Use the reopening date as the filing date

Transferred from Another District (5) For case transferred under Title 28 U S C Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers

Multidistrict Litigation (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U S C Section 1407 When this box is check, do not check (5) above

Appeal to District Judge from Magistrate Judgment (7) Check this box for an appeal from a magistrate judge's decision

V.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause

VI.     **Requested in Complaint.** Class Action Place an "X" in this box if you are filing a class action under Rule 23, F R Cv P

Demand In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction

Jury Demand Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.     **Related Cases.** This section of the JS-44 is used to reference related pending cases if any If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases

**Date and Attorney Signature.** Date and sign the civil cover sheet.



## SUPPLEMENTAL CIVIL COVER SHEET
## FOR A REMOVED CASE

THIS FORM MUST BE ATTACHED TO THE CIVIL COVER SHEET AT THE TIME THE
CASE IS FILED IN THE UNITED STATES DISTRICT CLERK'S OFFICE.

ADDITIONAL SHEETS MAY BE USED AS NECESSARY.

1.   **STATE COURT INFORMATION**:

Please identify the Court from which the case is being removed and specify the
number assigned to the case in that court.

COURT                              CASE NUMBER

101st Judicial District Court      03-7872-E
Dallas County, Texas

2.   **STYLE OF CASE**:   *Billy Gene Goble and Jennifer Goble v. Herbalife
International, Inc., Herbalife International Communications, Inc., Herbalife
International of America, Inc., Herbalife International Distribution, Inc., Herbalife
International of Europe, Inc., Herbalife International (Thailand), Ltd., Herbalife
Taiwan, Inc., Herbalife China, LLC, Herbalife International Do Brasil LTDA,
Herbalife of Japan, K.K., Herbalife International Urunleri Ticaret Limited Sirketi,
Herbalife Korea Co., Ltd., J. R. Schieber and Jan Schieber*

Please include all plaintiffs, defendants, intervenors, counterclaims, cross-claims
and third-party claims still remaining in the case and indicate their party type.
Also please list the attorney(s) of record for each party named, and include the
attorney's bar number, firm name, correct mailing address, and telephone
number (including area code).

PARTY/PARTY TYPE                   ATTORNEY(S):

Plaintiffs Billy Gene Goble        Greg W. Turman (SB#00785123)
Jennifer Goble                     Kathryn Snapka (SB#18781200)
                                   Richard B. Waterhouse, Jr.(SB#00788624)
                                   Snapka & Turman, L.L.P.
                                   P. O. Drawer 20317
                                   Corpus Christi, Texas 78403
                                   361-888-7676
                                   Facsimile:  361-884-8545

David E. Cherry (SB#04176000)
Craig D. Cherry (SB#35012419)
Campbell-Cherry-Harrison-Davis-Dove
P. O. Drawer 21387
Waco, Texas 76712
254-761-3300
Facsimile:  254-761-3301

All Defendants      Michael A. Walsh (SB#00790146)
J. Patrick Hammes (SB#24038937)
Strasburger & Price, LLP
901 Main Street, Suite 4300
Dallas, Texas 75202
214-651-4300
Facsimile:  214-651-4330

3.    **JURY DEMAND**:

Was jury demand made in state court:      __x__ Yes     ____ No

If "yes," by which party and on what date?

| Party | Date: |
|---|---|
| Plaintiffs | July 31, 2003 |

4.    **ANSWER**:

Was an Answer made in state court:      __x__ Yes     ____ No
If "yes," by which party and on what date?

| PARTY | DATE |
|---|---|
| J. R. Schieber and Jan Schieber | September 17, 2003 |
| Defendant Herbalife International of America, Inc. | September 18, 2003 |
| Defendants Herbalife International, Inc., Herbalife International Communications, Inc., Herbalife International Distribution, Inc., Herbalife International of Europe, Inc., Herbalife International (Thailand), Ltd., Herbalife Taiwan, Inc., Herbalife China, LLC, Herbalife International Do Brasil LTDA, Herbalife of Japan, K.K., Herbalife International Urunleri Ticaret Limited Sirketi, Herbalife Korea Co., Ltd. | September 18, 2003 |

5. **UNSERVED PARTIES**:

The following parties have not been served at the time this case was removed:

PARTY                                          REASON(S) FOR NO SERVICE

None.

6. **NONSUITED, DISMISSED OR TERMINATED PARTIES**:
*Please indicate any changes from the style on the State Court papers and the reason for that change:*

PARTY                                          REASON

None.

7. **CLAIMS OF THE PARTIES**:

This filing party submits the following summary of the remaining claims of each party in the litigation:

PARTY                                          CLAIM(S)

Plaintiffs                                     Design and marketing defect, inadequate and improper warnings, warranty of merchantability, warranty of fitness, and punitive damages.

Defendants                                     No affirmative defenses at this time.

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



BILLY GENE GOBLE and                  §
JENNIFER GOBLE                        §
                                      §
VS.                                   §
                                      §
                                      §
HERBALIFE INTERNATIONAL, INC.,        §
HERBALIFE INTERNATIONAL               §
COMMUNICATIONS, INC., HERBALIFE       §    CIVIL ACTION NO. _____
INTERNATIONAL OF AMERICA, INC.,       §
HERBALIFE INTERNATIONAL               §    JURY DEMANDED
DISTRIBUTION, INC., HERBALIFE         §
INTERNATIONAL OF EUROPE, INC.,        §
HERBALIFE INTERNATIONAL               §
(THAILAND), LTD., HERBALIFE           §
TAIWAN, INC., HERBALIFE CHINA,        §
LLC, HERBALIFE INTERNATIONAL DO       §
BRASIL LTDA, HERBALIFE OF JAPAN,      §
K.K., HERBALIFE INTERNATIONAL         §
URUNLERI TICARET LIMITED              §
SIRKETI, HERBALIFE KOREA CO.,         §
LTD., J.R. SCHIEBER AND JAN           §
SCHIEBER                              §

## DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

Defendants Herbalife International, Inc., Herbalife International Communications, Inc., Herbalife International of America, Inc. ("HIOA"), Herbalife International Distribution, Inc., Herbalife International of Europe, Inc., Herbalife International (Thailand), Ltd., Herbalife Taiwan, Inc., Herbalife China, LLC, Herbalife International Do Brasil LTDA, Herbalife of Japan, K.K., Herbalife International Urunleri Ticaret Limited Sirketi, and Herbalife Korea Co., Ltd. (collectively "Herbalife") respectfully file their

Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, and would respectfully show the Court as follows:

I.

INTRODUCTION

On July 31, 2003, Billy Gene Goble and Jennifer Goble ("Plaintiffs") filed suit against Herbalife in the 101st Judicial District Court of Dallas County, Texas, in Cause No. 03-07872-E. *Plaintiffs named twelve (12) Herbalife entities which allegedly were "in the business of designing, manufacturing, marketing, distributing and selling dietary supplements and other products containing ephedrine." See* Plaintiffs' Original Petition at ¶ II. Plaintiffs also named as defendants in this action J. R. Schieber and Jan Schieber. Plaintiffs action is allegedly related to "Billy Gene Goble's ingestion of Herbalife dietary supplements and products ("Herbalife Products"). *See* Plaintiffs' Original Petition at ¶ II. Attached hereto as an Appendix are copies of all process, pleadings and orders heretofore served upon or by any party to this action.

This action is one in which this Court has original subject matter jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which may be removed to this Court by Herbalife pursuant to the provisions of 28 U.S.C. § 1441(b), in that, excluding the fraudulently joined defendants, it is a civil action between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. Moreover, each defendant other than Herbalife has been fraudulently joined and therefore consent to the removal of these defendants is not required.

II.

## DIVERSITY OF CITIZENSHIP

Plaintiffs are individuals who are citizens of the State of Texas.

Defendant Herbalife International, Inc. was, at the time of the filing of Plaintiffs' Original Petition, and has remained at all times since, and is currently, a corporation incorporated only under the laws of the State of Nevada, with its principal place of business in the State of California, and is therefore a citizen of Nevada, and is not a citizen of the State of Texas as defined by 28 U.S.C. § 1332. A copy of Defendant's Special Appearance and Answer Subject Thereto is attached to Appendix A at Tab 6.

Defendant Herbalife International Communications, Inc. was, at the time of the filing of Plaintiffs' Original Petition, and has remained at all times since, and is currently, a corporation incorporated only under the laws of the State of California, with its principal place of business in the State of California, and is therefore a citizen of California and is not a citizen of the State of Texas as defined by 28 U.S.C. § 1332. A copy of Defendant's Special Appearance and Answer Subject Thereto is attached to Appendix A at Tab 6.

Defendant Herbalife International of America, Inc. was, at the time of the filing of Plaintiffs' Original Petition, and has remained at all times since, and is currently, a corporation incorporated only under the laws of the State of California, with its principal place of business in the State of California, and is therefore a citizen of California and is not a citizen of the State of Texas as defined by 28 U.S.C. § 1332. A copy of Defendant's Original Answer to Plaintiffs' Original Petition is attached to Appendix A at Tab 5.

Defendant Herbalife International Distribution, Inc. was, at the time of the filing of Plaintiffs' Original Petition, and has remained at all times since, and is currently, a corporation incorporated only under the laws of the State of California, with its principal place of business in the State of California, and is therefore a citizen of California and is not a citizen of the State of Texas as defined by 28 U.S.C. § 1332. A copy of Defendant's Special Appearance and Answer Subject Thereto is attached to Appendix A at Tab 6.

Defendant Herbalife International of Europe, Inc. was, at the time of the filing of Plaintiffs' Original Petition, and has remained at all times since, and is currently, a corporation incorporated only under the laws of the State of California, with its principal place of business in the State of California, and is therefore a citizen of California and is not a citizen of the State of Texas as defined by 28 U.S.C. § 1332. A copy of Defendant's Special Appearance and Answer Subject Thereto is attached to Appendix A at Tab 6.

Defendant Herbalife International (Thailand), Ltd. was, at the time of the filing of Plaintiffs' Original Petition, and has remained at all times since, and is currently, a corporation incorporated only under the laws of the State of California, with its principal place of business in the State of California, and is therefore a citizen of California and is not a citizen of the State of Texas as defined by 28 U.S.C. § 1332. A copy of Defendant's Special Appearance and Answer Subject Thereto is attached to Appendix A at Tab 6.

Defendant Herbalife Taiwan, Inc. was, at the time of the filing of Plaintiffs' Original Petition, and has remained at all times since, and is currently, a corporation

incorporated only under the laws of the State of California, with its principal place of business in the State of California, and is therefore a citizen of California and is not a citizen of the State of Texas as defined by 28 U.S.C. § 1332. A copy of Defendant's Special Appearance and Answer Subject Thereto is attached to Appendix A at Tab 6.

Defendant Herbalife China, LLC was, at the time of the filing of Plaintiffs' Original Petition, and has remained at all times since, and is currently, a limited liability corporation incorporated only under the laws of the State of Delaware, with its principal place of business in the State of Delaware, and is therefore a citizen of Delaware and is not a citizen of the State of Texas as defined by 28 U.S.C. § 1332. A copy of Defendant's Special Appearance and Answer Subject Thereto is attached to Appendix A at Tab 6.

Defendant Herbalife China, LLC was, at the time of the filing of Plaintiffs' Original Petition, and has remained at all times since, and is currently, a limited liability corporation incorporated only under the laws of the State of Delaware, with its principal place of business in the State of Delaware, and is therefore a citizen of Delaware and is not a citizen of the State of Texas as defined by 28 U.S.C. § 1332. A copy of Defendant's Special Appearance and Answer Subject Thereto is attached to Appendix A at Tab 6.

Defendant Herbalife International Do Brasil LTDA was, at the time of the filing of Plaintiffs' Original Petition, and has remained at all times since, and is currently, a corporation incorporated only under the laws of the State of Delaware, with its principal place of business in the State of Delaware, and is therefore a citizen of Delaware and is not a citizen of the State of Texas as defined by 28 U.S.C. § 1332. A copy of

Defendant's Special Appearance and Answer Subject Thereto is attached to Appendix A at Tab 6.

Defendant Herbalife of Japan, K.K. was, at the time of the filing of Plaintiffs' Original Petition, and has remained at all times since, and is currently, a corporation incorporated only under the laws of the State of Delaware, with its principal place of business in the State of Delaware, and is therefore a citizen of Delaware and is not a citizen of the State of Texas as defined by 28 U.S.C. § 1332   A copy of Defendant's Special Appearance and Answer Subject Thereto is attached to Appendix A at Tab 6.

Defendant Herbalife International Urunleri Ticaret Limited Sirketi was, at the time of the filing of Plaintiffs' Original Petition, and has remained at all times since, and is currently, a corporation incorporated only under the laws of the State of Delaware, with its principal place of business in the State of Delaware, and is therefore a citizen of Delaware and is not a citizen of the State of Texas as defined by 28 U.S.C. § 1332. A copy of Defendant's Special Appearance and Answer Subject Thereto is attached to Appendix A at Tab 6.

Defendant Herbalife Korea Co., Ltd. was, at the time of the filing of Plaintiffs' Original Petition, and has remained at all times since, and is currently, a corporation incorporated only under the laws of the State of Delaware, with its principal place of business in the State of Delaware, and is therefore a citizen of Delaware and is not a citizen of the State of Texas as defined by 28 U.S.C. § 1332.  A copy of Defendant's Special Appearance and Answer Subject Thereto is attached to Appendix A at Tab 6.

J. R. Schieber and Jan Schieber are Texas citizens; however, they are fraudulently joined and thus their citizenship may be disregarded.  A nondiverse

defendant is deemed to be fraudulently joined, and thus may be disregarded for purposes of determining diversity jurisdiction, when there is no reasonable possibility that the plaintiff can establish a cause of action against the nondiverse party under state law. *Badon v. RJR Nabisco Inc.*, 236 F.3d 282 (5th Cir. 2000) (*Badon II*). There is no reasonable possibility that Plaintiffs can establish a cause of action against J. R. Schieber or Jan Schieber in this case.

## A. Defendants J. R. Schieber and Jan Schieber are fraudulently joined because there is no reasonable possibility that Plaintiffs can establish a claim against them.

Although the standard for fraudulent joinder is a heavy one, it was not meant to sanction plaintiffs' attempts to disallow federal jurisdiction in any and all cases. *See Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907) ("The Federal courts should not sanction devices intended to prevent a removal to Federal court where one has that right."); *see also McKinney v. Board of Md. Community College*, 955 F.2d 924, 928 (4th Cir. 1992) ("Congress created the removal process to protect defendants. It did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it."). The fraudulent joinder standard in this Circuit requires a party claiming fraudulent joinder to show that there is no *reasonable* possibility the plaintiffs could establish their claim. The Fifth Circuit has held that a mere hypothetical possibility of recovery is insufficient:

> Plaintiffs appear to argue that *any mere theoretical possibility* of recovery – no matter how remote or fanciful – suffices to preclude removal. We reject this contention. As the cited authorities reflect, there must at least be a *reasonable* basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder.

*Badon II*, 236 F.3d at 286 N.4 (emphasis in original); *see also Griggs v. State Farm Lloyds,* 181 F.3d 694, 701 (5th Cir. 1999) ("[W]e must determine whether there is any *reasonable* basis for predicting that Griggs might be able to establish Blum's liability on the pleaded claims in state court... .") (emphasis in original). The Fifth Circuit's most recent fraudulent joinder case confirms that a removing defendant need only show that there is no "reasonable possibility" the plaintiff can state a claim against the fraudulently joined defendant. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003).[1]

Merely pleading a cause of action against a party is insufficient to show that the plaintiff has a reasonable possibility of recovery against that party. The Court is authorized to look beyond the pleadings and engage in a summary judgment type inquiry to determine whether fraudulent joinder exists. *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 389-90 (5th Cir. 2000) (*Badon I*) ("[W]e have consistently recognized that diversity removal may be based on evidence outside the pleadings."); *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 n.18 (5th Cir. 1995) (collecting cases that authorize court to look beyond pleadings).

**B.    Defendants J. R. Schieber and Jan Schieber have been fraudulently joined.**

The fraudulent joinder of defendants J. R. Schieber and Jan Schieber is established by Plaintiffs' failure to state any actionable facts specific to them. In Plaintiffs' Original Petition, Plaintiffs stated the following with respect to these individuals:

> 5.    Defendant J. R. Schieber is an individual residing and doing business in the State of Texas and may

---

[1] *Travis* makes clear that the "no possibility" standard of *heritage Bank v Redcom Laboratories, Inc.*, 250 F 3d 319, 323 (5th Cir. 2001), and other cases contains an implicit requirement of reasonableness – *i.e* , that standard means that a remote or speculative or hypothetical possibility of recovery is not enough.

be served with process at 3513 Lake Highlands Drive, Rowlett, Texas 75088.

6. Defendant Jan Schieber is an individual residing and doing business in the State of Texas and may be served with process at 3513 Lake Highlands Drive, Rowlett, Texas 75088.

*See* Plaintiffs' Original Petition at ¶ II. J.R. Schieber and Jan Schieber are individuals that purchase products directly from HIOA. Other than the general averments listed above regarding these defendants' citizenship, J. R. Schieber and Jan Schieber are not mentioned anywhere else in the petition. Further, none of the claims in Plaintiffs' Original Petition specifically refer to these individual distributors.

A plaintiff's failure to allege actionable facts against the nondiverse defendant demonstrates fraudulent joinder. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 261 (5th Cir. 1995). In *Cavallini*, the Texas plaintiffs sued State Farm, an Illinois corporation, and Larry Cunningham, a State Farm agent residing in Texas. State Farm and Cunningham removed the case to federal court, claiming that Cunningham's joinder was fraudulent. The district court agreed, holding that the state court petition (complaint) "did not allege a cause of action against...Cunningham." *Cavallini*, 44 F.3d at 259. The court of appeals affirmed.

The *Cavallini* court examined the allegations in plaintiffs' petition and held that none of the allegations could support a claim against Cunningham under Texas law. Pertinent to the court's holding was that, although the Cavallinis' claims generically referred to "Defendants," these claims made no mention of Cunningham, nor did they include any factual allegations directed at Cunningham. *Id.* at 360. The district court in *Cavallini* observed the following with respect to plaintiffs-appellants' assertion that they had stated a claim against the individual Texas resident defendant:

DEFENDANTS' NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION – Page 9

730856 1/SP0/41933/0103/091803



> Other than listing his name and address for the purpose of service, the petition does not specifically mention... Cunningham at all.  The petition does contain a prayer for exemplary damages for "the gross misrepresentations made by the Defendants." *Absent any factual allegations however,* the pray standing alone cannot support a cause of action against Cunningham.

*Cavallini*, 44 F.3d at 260 (emphasis added).  Additionally, certain factual allegations made clear that the claims were specifically directed toward State Farm, and not towards Cunningham.  *Id.*  The damages in the petition likewise failed to mention Cunningham, and specifically referred to State Farm.  *Id*. at 261.

*Griggs v. State Farm Lloyds, et al*, 181 F.3d 694 (5th Cir. 1999), is also on all fours with this case.  In *Griggs*, a Texas plaintiff sued State Farm Lloyds and Lark Blum, a State Farm agent who resided in Texas.  State Farm removed the case, contending that Blum was fraudulently joined.  The Fifth Circuit upheld the district court's denial of Plaintiffs' motion to remand, observing that plaintiffs' original and amended petitions "allege no actionable facts specific to Blum." *Id*. at 699.  The court rejected plaintiffs' contention that Texas law regarding "notice pleading" relieved him of the obligation to state a cause of action against Blum, "We cannot say that Griggs' petition, which mentions Blum once in passing, then fails to state any specific actionable conduct on her part whatsoever, meets even the liberalized requirements that permit notice pleadings." *Id*.

As in *Cavallini* and *Griggs*, Plaintiffs' petition in this case "does not contain allegations which could support a claim under Texas law" against J. R. Schieber and Jan Schieber.  *See Cavallini*, 44 F.3d at 260.  Other than the general averments referenced above, *none* of the allegations in Plaintiffs' petition even mention these individual distributors.  Nor does the petition even suggest that the claims are directed

toward these individuals. To the contrary, Plaintiffs' allegations themselves make clear that these individual distributors are excluded from Plaintiffs' claims. For example, in the Allegations section of Plaintiffs' petition, Plaintiffs argue, "the Herbalife Defendants negligently, recklessly, and wantonly failed to warn prospective users of the dangers inherent in the use of Herbalife Ephedra Products and the Herbalife Defendants negligently, recklessly and wantonly failed to test said "Herbalife Ephedra Products for such dangers." *See* Plaintiffs' Original Petition at ¶ VI. Further, Plaintiffs also allege that the Herbalife Defendants' promotional materials and advertisements relating to the use of Herbalife Ephedra Products had a tendency to deceive because they:

> a. Were not accompanied by proper warnings regarding all possible adverse side effects associated with the use of ephedrine and the comparative severity and duration of such adverse effects as previously set forth herein and did not accurately reflect the symptoms, scope or severity of the side effects;

> b. Failed to disclose that the Herbalife Defendants failed to perform adequate testing that would have shows that Herbalife Ephedra Products containing ephedrine, possessed serious potential side effects with respect to which full and proper warning accurately and fully reflecting symptoms scope and severity should have been made;

> c. Failed to effectively warn users that numerous other methods of weight loss, including non-drug methods of weight loss such as diet control and exercise, should be foremost and/or used as exclusive methods of weight loss particularly for the non-clinically obese individuals and for high-risk individuals;

> d. Failed to disclose the risk of injury from individual use of the Herbalife Ephedra Products containing ephedrine discovered by the Herbalife Defendants after the initial marketing of Herbalife Ephedra Products…

> e. Were misleading and deceptive in stating that Herbalife Ephedra Products were safe and effective, or

words of similar import, while failing to disclose that,
notwithstanding this assurance, Herbalife Ephedra Products
had not been clinically tested for safety.

*See* Plaintiffs' Original Petition at ¶ VI.

Similarly, in Plaintiffs' design and marketing claim, Plaintiffs allege that the

Herbalife Ephedra Products "manufactured and/or supplied by the Herbalife

Defendants" were defective in design of formulation, due to inadequate warnings or

instructions, and due to inadequate warnings and/or inadequate testing.  See Plaintiffs'

Original Petition at ¶ VII.   Moreover, the inadequate and improper warnings claim

alleges:

> (1)    The Herbalife Ephedra Products manufactured
> and/or developed and/or supplied by the Herbalife
> Defendants were unaccompanied by proper warnings
> regarding possible severe injuries or death associated with
> the use thereof and the comparative severity and duration of
> such injuries.
>
> (2)    The Herbalife Defendants failed to perform
> adequate testing in that adequate testing would have shown
> that the Herbalife Ephedra Products have the potential to
> cause serious injuries or death.

*See* Plaintiffs' Original Petition at ¶ VIII.

Additionally, Plaintiffs allege that the Herbalife Defendants breached their

warranty of merchantability as they argue that, "the Herbalife Ephedra Products were

defective, and/or unmerchantable, *i.e.,* not fit for the ordinary purposes for which such

products are used."  See Plaintiffs' Original Petition at ¶ IX.  Further, Plaintiffs' warranty

of fitness claim alleges:

> (1)    The Herbalife Defendants breached their
> implied duty of warranty of fitness: Herbalife Defendants sold
> Herbalife Ephedra Products.  At the time of the sale of the
> Herbalife Ephedra Products, the Herbalife Defendants knew
> or had reason to know, of a particular purpose for which the

product was to be used. At the time of the sale of the Herbalife Ephedra Products to Plaintiffs, the Herbalife Defendants knew, or had reason to know, Plaintiffs were relying on the skill and judgment of the Herbalife Defendants to select or furnish a suitable product for their intended purpose. At the time of the sale of the Herbalife Ephedra Products to Plaintiffs, the Herbalife Defendants exercised their skill and judgment in the selection of the product, and Plaintiffs relied thereon. The Herbalife Ephedra Products were used by Plaintiff Billy Goble for the particular purpose for which selection had been made by the Herbalife Defendants. Herbalife Ephedra Products were not reasonably fit and suitable for the use for which they were selected. Failure of the Herbalife Defendants to select products which were reasonably safe for their intended use proximately caused the injuries to Plaintiffs.

*See* Plaintiffs' Original Petition at ¶ X. As a result, clearly each of Plaintiffs' allegations are directed at Herbalife and not the individual defendants, J.R. Schieber and Jan Schieber.

J. R. Schieber and Jan Schieber are individual distributors of Herbalife products. The Fifth Circuit has held the joinder of such defendants fraudulent. *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382 (5th Cir. 2000). Further, under Texas law, an agent of a corporation can be liable only for his or her own negligence. "Individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). Plaintiffs have made no allegations specific to these individual defendants, much less allegations of an independent duty and violation of that duty. Therefore, under Texas law, Plaintiffs cannot establish claims – to the extent Plaintiffs can be considered to have made any – against these individual defendants.

III.

## CO-DEFENDANTS' CONSENT TO REMOVAL

It is well settled that fraudulently joined defendants are not required to consent to the removal of an action.  *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).   Thus, the consent of J. R. Schieber and Jan Schieber is not necessary since they are fraudulently joined.   Nevertheless, all Defendants including the individual defendants have consented to the removal of this case.

IV.

## AMOUNT IN CONTROVERSY

Plaintiffs do not specify the amount in controversy in their Original Petition.  *See* Plaintiffs' Original Petition.   Nevertheless, the lengthy list of compensatory and punitive damages sought by Plaintiffs indicate that the amount in controversy exceeds $75,000.00.   Plaintiffs allege physical injury and pain and mental anguish to Plaintiff Billy Gene Goble.   Plaintiffs allege "that, in all reasonable possibility, these injuries will cause him to suffer physical injury and pain and mental anguish for the balance of his life."  *See* Plaintiffs' Original Petition at ¶ XI.   Thus, Plaintiffs are anticipating continued medical expenses.   Further, Plaintiffs seek recovery for "all medical bills, loss of earning capacity, pecuniary loss, loss of household services, loss of care and maintenance, love, comfort, support, advice, counsel, post and future emotional pain, mental anguish, torment and suffering due to the injuries to Billy Gene Goble."  *See* Plaintiffs' Original Petition at ¶ XI.   Further, Plaintiffs are seeking punitive damages.   As a result, Plaintiffs'

Original Petition supports the assertion of full jurisdiction with respect to the amount in controversy.

V.

TIMELINESS

This Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b) because it is filed within thirty days of service upon any defendant.

VI.

CONCLUSION

Upon the filing of this Notice of Removal, written notice of the filing is being given to all parties of record, as required by law.

WHEREFORE, Defendants Herbalife International, Inc., Herbalife International Communications, Inc., Herbalife International of America, Inc., Herbalife International Distribution, Inc., Herbalife International of Europe, Inc., Herbalife International (Thailand), Ltd., Herbalife Taiwan, Inc., Herbalife China, LLC, Herbalife International Do Brasil LTDA, Herbalife of Japan, K.K., Herbalife International Urunleri Ticaret Limited Sirketi, and Herbalife Korea Co., Ltd. that the above-referenced action now pending against them in the 101st Judicial District Court of Dallas County, Texas, be removed to this, the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted,

Michael A. Walsh
State Bar No. 00790146
J. Patrick Hammes
State Bar No. 24038937
STRASBURGER & PRICE L.L.P.
901 Main Street, Suite 4300
Dallas, Texas 75202
214.651.4300 Telephone
214.651.4330 Facsimile

Attorneys for Defendants
Herbalife International, Inc., Herbalife
International Communications, Inc., Herbalife
International of America, Inc., Herbalife
International Distribution, Inc., Herbalife
International of Europe, Inc., Herbalife
International (Thailand), Ltd., Herbalife Taiwan,
Inc., Herbalife China, LLC, Herbalife
International Do Brasil LTDA, Herbalife of
Japan, K.K., Herbalife International Urunleri
Ticaret Limited Sirketi, Herbalife Korea Co.,
Ltd.

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2003, a true and correct copy of the above and foregoing instrument was served on all known counsel of record First Class United States mail, postage prepaid, certified mail, return receipt requested.

J. PATRICK HAMMES